1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

9  JOSE MANZO, JR., and ROSA          )      CV F 03-6451 AWI SMS
   ESTELLA MANZO,                     )
10                                    )      **MEMORANDUM OPINION AND**
                  Plaintiffs,         )      **ORDER GRANTING DEFENDANT'S**
11        v.                          )      **MOTION FOR SUMMARY**
                                      )      **JUDGMENT**
12                                    )
   THE UNITED STATES OF AMERICA,      )      (Document #26)
13                                    )
                  Defendant.          )
14 _____   )

15

16        This action is brought under Federal Tort Claims Act found at 28 U.S.C. § 171.   The

17 court has federal questions jurisdiction pursuant to 28 U.S.C. § 1331.   Venue is proper in this

18 court because the events underlying this action occurred within the Fresno Division of the

19 Eastern District of California.

20                          **PROCEDURAL BACKGROUND**

21        On May 28, 2004, Plaintiffs filed a first amended complaint.   Plaintiffs allege that

22 doctors at Sequoia Community Health Foundation were negligent in failing to detect an

23 uncooked bean that had become lodged in Plaintiffs' child's trachea.

24        On August 24, 2004, the Magistrate Judge issued a scheduling order setting, among other

25 dates, the discovery cut-off for the parties' experts as July 8, 2005.

26        On July 18, 2005, Plaintiffs filed a designation of their expert.   This document did not

27 contain the expert's report.

28        The Magistrate Judge issued several amended scheduling orders, based on the parties

1   stipulations.   The final order was issued on December 7, 2005, and set a trial date of June 27,

2   2006.  This order required the parties to designate their expert witnesses by January 3, 2006 and

3   required all expert discovery to be completed by January 25, 2006.

4          On January 31, 2006, Defendant filed a motion for summary judgment.   Defendant

5   contends that Plaintiffs cannot prove their case without an expert.   Defendant cites to evidence

6   showing that Plaintiffs have never provided Defendant with Plaintiffs' experts report.

7          Plaintiffs did not file an opposition to Defendant's motion.

8          On February 24, 2006, Defendant filed a reply.  Defendant argues that based on the

9   evidence before the court, summary judgment is appropriate because Plaintiffs have never

10  provided all discovery information regarding their experts.

**LEGAL STANDARD**

12          Summary judgment is appropriate when it is demonstrated that there exists no genuine

13  issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

14  Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Poller v.

15  Columbia Broadcast System, 368 U.S. 464, 467 (1962); Jung v. FMC Corp., 755 F.2d 708, 710

16  (9th Cir. 1985); Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1313 (9th

17  Cir. 1984).

18                  Under summary judgment practice, the moving party
                    [A]lways bears the initial responsibility of informing the district
19                  court of the basis for its motion, and identifying those portions of
                    "the pleadings, depositions, answers to interrogatories, and
20                  admissions on file, together with the affidavits, if any," which it
                    believes demonstrate the absence of a genuine issue of material
21                  fact.

22  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the

23  burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made

24  in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on

25  file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and

26  upon motion, against a party who fails to make a showing sufficient to establish the existence of

27

28                                              2

1    an element essential to that party's case, and on which that party will bear the burden of proof at

2    trial.  Id. at 322.  "[A] complete failure of proof concerning an essential element of the

3    nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a

4    circumstance, summary judgment should be granted, "so long as whatever is before the district

5    court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is

6    satisfied."  Id. at 323.

7         If the moving party meets its initial responsibility, the burden then shifts to the opposing

8    party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec.

9    Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Arizona v. Cities

10   Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280

11   (9th Cir. 1979).  In attempting to establish the existence of this factual dispute, the opposing party

12   may not rely upon the mere allegations or denials of its pleadings, but is required to tender

13   evidence of specific facts in the form of affidavits, and/or admissible discovery material, in

14   support of its contention that the dispute exists.  Rule 56(e); Matsushita, 475 U.S. at 586 n.11;

15   First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973).

16        Where a plaintiff fails to oppose a motion for summary judgment, the court may grant

17   summary judgment if the defendant has supported the motion with sufficient papers that on their

18   face do not reveal there is a genuine issue of material fact.  Henry v. Gill Indus., Inc., 983 F.2d

19   943, 950 (9th Cir. 1993).  "If the nonmoving party fails to oppose a summary judgment motion,

20   the district court is not required to search the record sua sponte for some genuine issue of

21   material fact. It may rely entirely on the evidence designated by the moving party showing no

22   such triable issue." Contreras v. Corinthian Vigor Ins. Brokerage, Inc.,  103 F.Supp.2d 1180,

23   1183 (N.D. Cal. 2000); see also Guarino v. Brookfield Township Trustees, 980 F.2d 399, 403 (6th

24   Cir. 1992).

25        A defendant can meet its burden on summary judgment by showing that there is an

26   absence of evidence to support the nonmoving party's case; i.e. that the plaintiff does not have

27

28                                            3

1   evidence from which a jury could find an essential element of the opposing party's claim.

2   Celotex, 477 U.S. at 322;  Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d

3   1099, 1102 & 1106 (9ᵗʰ Cir. 2000).    If a moving party carries its burden of production, the

4   nonmoving party must produce evidence to support its claim or defense. Id. at 1102; Cline v.

5   Industrial Maintenance Eng'g. & Contracting Co., 200 F.3d 1223, 1229 (9ᵗʰ Cir.2000).    If the

6   nonmoving party fails to produce enough evidence to make a showing sufficient to establish the

7   existence of an element essential to that party's case, the moving party wins the motion for

8   summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Nissan Fire & Marines

9   Ins., 210 F.3d at 1102.

**FACTS**

11        The complaint alleges a claim for relief for professional negligence.

12        The complaint alleges that: "Plaintiffs are informed and believe and thereby allege that at

13   all relevant times herein, Defendants, and each of them, failed to use reasonable care or skill

14   known, or should have been known to common medical practitioners in the community which

15   they practiced, and further failed to use reasonable care in the diagnosis and treatment of the

16   deceased infant, JOSE EDUARDO MANZO."

17        Plaintiffs have failed to properly designate any experts by any of the deadlines agreed to

18   by the parties.

**DISCUSSION**

20        Under the Federal Tort Claims Act ("FTCA") the United States can be held liable for tort

21   claims in the same manner as a private individual. See  28 U.S.C. § 2674.  The FTCA operates

22   as a waiver of the United States' sovereign immunity for a discrete class of lawsuits by allowing

23   the United States to be sued for tort claims arising out of the conduct of government employees

24   acting within the scope of their employment. O'Toole v. United States, 295 F.3d 1029, 1033 (9ᵗʰ

25   Cir. 2002); Valdez v. United States, 56 F.3d 1177, 1179 (9ᵗʰ Cir.1995).    If a plaintiff meets the

26   requirements to have sovereign immunity waived, state law is used when determining the

4

1    elements for the tort.  See 28 U.S.C. § 1346(b).

2        This action raises a claim for malpractice under California law.   In California, the

3    elements for a tort cause of action based on "professional negligence are: (1) the duty of the

4    professional to use such skill, prudence, and diligence as other members of his profession

5    commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection

6    between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting

7    from the professional's negligence."  Turpin v. Sortini,  31 Cal.3d 220, 229-30 (1982); Budd v.

8    Nixen, 6 Cal.3d 195, 200 (1971); Elcome v. Chin, 110 Cal.App.4th 310, 317 (2003).   In a

9    professional negligence case expert testimony is ordinarily necessary to establish the presence or

10   absence of both a breach of the standard of care and causation.  Sinz v. Owens, 33 Cal.2d 749,

11   753 (1949) (standard of care); Jambazian v. Borden, 25 Cal.App.4th 836, 844 (1994) (standard of

12   care); Bromme v. Pavitt, 5 Cal.App.4th 1487, 1498 (1992) (causation).

13       Defendant offers evidence that Plaintiffs have no experts to establish the standard of care

14   or causation in this action because Plaintiffs have not properly designated their experts.   Rule

15   26(a)(2) of the Federal Rules of Civil Procedure sets forth the mandatory disclosure requirements

16   regarding the designation of expert witnesses and the production of their written reports:

17           (2) Disclosure of Expert Testimony.
             (A) In addition to the disclosures required by paragraph (1), a party shall disclose
18           to other parties the identity of any person who may be used at trial to present
             [expert testimony] . . . .
19           (B) Except as otherwise stipulated or directed by the court, this disclosure shall,
             with respect to a witness who is retained or specially employed to provide expert
20           testimony in the case or whose duties as an employee of the party regularly
             involve giving expert testimony, be accompanied by a written report prepared and
21           signed by the witness. The report shall contain a complete statement of all
             opinions to be expressed and the basis and reasons therefor; the data or other
22           information considered by the witness in forming the opinions; any exhibits to be
             used as a summary of or support for the opinions; the qualifications of the
23           witness, including a list of all publications authored by the witness within the
             preceding ten years; the compensation to be paid for the study and testimony; and
24           a listing of any other cases in which the witness has testified as an expert at trial or
             by deposition within the preceding four years.
25           (C) These disclosures shall be made at the times and in the sequence directed by
             the court. . . .
26

27

1   Here, Plaintiffs have designated experts.   On July 18, 2005, Plaintiffs filed a notice of

2   designation of experts, listing Robert D. Bart III, M.D. as their expert.   While this designation

3   listed Dr. Bart's qualifications, the report did not contain a complete statement of Dr. Bart's

4   opinions and the basis and reasons for that opinion.   On September 16, 2005, Plaintiffs provided

5   Defendant's attorney an amended designation of expert witnesses.   See Kapetan Dec. Exhibit F.

6   This designation lists Dr. Bart and Dallas C. Long III, DDS, MD FACEP as experts.   This

7   designation listed Dr. Bart's and Dr. Long's qualifications, but the designation did not contain

8   their opinions and the basis and reasons for their opinions.   Defendant's attorney provides

9   evidence that she pointed out this deficiency to Plaintiffs' attorney, but Plaintiffs have still not

10   provided her with the complete reports.   Based on the parties' stipulation, Plaintiffs had until

11   January 25, 2006 to provide all discovery information regarding their experts.   Because

12   Plaintiffs did not provide the expert reports to Defendant's attorney by January 25, 2006,

13   Plaintiffs have failed to properly designate an expert under Rule 26.

14       In a professional negligence case, such as the one before this court, expert testimony is

15   ordinarily necessary to establish the presence or absence of both a breach of the standard of care

16   and causation.   "Whether the standard of care in the community has been breached presents the

17   basic issue in a malpractice action and can only be proved by opinion testimony unless the

18   medical question is within the common knowledge of laypersons."   Jambazian, 25 Cal.App.4th at

19   844.   Ordinarily, the absence of admissible expert opinion evidence on the standard of care is

20   fatal to a malpractice cause of action.   Id.   Defendant contends that because Plaintiffs have no

21   properly designated expert, they cannot prove their malpractice case.

22       There is an exception to the general rule requiring an expert in malpractice cases.   Where

23   a medical condition and its proper treatment are commonplace and simple, the trier of fact may

24   rely on its common knowledge in determining whether an infection or injury would not have

25   occurred in the absence of someone's negligence.   Bardessono v. Michels, 3 Cal.3d 780, 789-91

26   (1970).   The common knowledge exception is limited to situations in which the plaintiff can

27

28                                                    6

1  invoke the doctrine of res ipsa loquitur, i.e., when a layperson is able to say as a matter of

2  common knowledge and observation that the consequences of professional treatment were not

3  such as ordinarily would have followed if due care had been exercised.  Elcome, 110 Cal.App.4th

4  at 317; Flowers v. Torrance Memorial Hospital Medical Center, 8 Cal.4th 992, 1001 (1994).

5  Res ipsa creates a presumption of negligence, affecting the burden of production. Evid.Code, §

6  646(b).   It arises when the evidence shows an accident that (1) ordinarily does not occur absent

7  someone's negligence, (2) was caused by an instrumentality within the defendant's exclusive

8  control, and (3) was not due to any voluntary action or contribution by the plaintiff.   Brown v.

9  Poway Unified School Dist., 4 Cal.4th 820, 825-826 (1993).   The classic example of this theory

10  is an X-ray revealing a scalpel left in the patient's body following surgery.  Elcome, 110

11  Cal.App.4th at 317.

12      In the amended complaint, Plaintiffs allege that Defendant was negligent for not

13  diagnosing the existence of an uncooked bean in Plaintiffs' child's throat that led to asphyxiation

14  several days later.    Plaintiffs allege that Defendant was advised two days in a row that Plaintiffs'

15  child had been coughing, choking, turning blue, had blood in his mouth, and he had difficulty

16  breathing.  See Amended Complaint ¶ 10 & ¶11.  Plaintiffs allege Defendant sent Plaintiffs'

17  child home after a routine examination without further testing, instructions, or follow-up

18  examinations. See id.   At issue is whether a reasonable doctor should have found the bean

19  based on the information available to the doctor and whether Defendant was reasonable in the

20  steps Defendant took upon examining Plaintiffs' child.    Plaintiffs offer no explanation as to

21  how this issue is within the realm of common knowledge.   Thus, the court cannot find that this

22  action falls within the exception to the general rule that expert testimony is needed in medical

23  malpractice cases.  Accordingly, this action cannot be proved without an expert.

24      Defendant has filed a motion for summary judgment and has supported that motion with

25  sufficient papers that on their face reveal there is no genuine issue of material fact.  Henry v. Gill

26  Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).   Defendant has met its burden by showing that

27

28

1  there is an absence of evidence necessary to support Plaintiffs' malpractice case.   Because

2  Defendant has met its burden of production, Plaintiffs needed to produce evidence to support

3  their claim to avoid summary judgment.   Because Plaintiffs have not opposed the motion for

4  summary judgment, this court is not required to search the record sua sponte for some genuine

5  issue of material fact.   Because Plaintiffs have failed to produce enough evidence to make a

6  showing sufficient to establish the existence of an element essential to their case – a properly

7  designated expert establishing the standard of care and causation  – Defendant must prevail in its

8  motion for summary judgment.  See Celotex Corp., 477 U.S. at 322; Nissan Fire & Marines Ins.,

9  210 F.3d at 1102.

**ORDER**

11      Accordingly, based on the above memorandum opinion, the court ORDERS that:

12  1.    Defendant's motion for summary judgment is GRANTED; and

13  2.    The Clerk of the Court is DIRECTED to enter judgment in favor of Defendant.

15  IT IS SO ORDERED.

16  **Dated:   March 6, 2006**            /s/ **Anthony W. Ishii**
9h0d30            UNITED STATES DISTRICT JUDGE

8